IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UMG RECORDINGS, INC.,** | : | |
| **a Delaware corporation, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cv-65(HL) |
| | : | |
| **PEGGY MERRILL,** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

# ORDER

The parties having submitted a Consent Motion for Transfer of Venue [doc 16], and the Court having considered the same, the Court hereby grants the Motion for the reasons that follow.

Plaintiffs are copyright owners or licensees of copyrighted sound recordings who sued Defendant in this Court under the copyright laws of the United States. In their complaint, Plaintiffs alleged that Defendant resides in this district and that the acts on which the complaint was based occurred in this district. In her answer, Defendant asserted that she is not and has not been a resident of this district. Defendant asserted that she resides in Glynn County, which is in the United States District Court for the Southern District of Georgia. On November 17, 2005, the parties filed the Consent Motion now before the Court.

Section 1404(a) of Title 28 provides the appropriate procedure for a change of venue. Specifically, that Code Section states: "For the convenience of the parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 1993). Some courts have determined that even where the parties have consented to the transfer, the transferring court must engage in the balancing required by § 1404(a), and determine whether transfer is appropriate. *See, e.g.,* White v. ABCO Engineering Corp., 199 F.3d 140 (3d Cir. 1999). Therefore, the Court's reasons for granting the transfer are as follows.

Section 1400 of Title 28 sets forth the venue provisions for copyright actions, providing as follows: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(a) (West Supp. 2005). Thus, this case "might have been brought" in the Southern District because Defendant resides there. Therefore, if the Court finds that the convenience of the parties and witnesses and the interest of justice so demand, this case may be transferred to the Southern District.

With respect to the convenience of the parties, the Court finds that it is more convenient for Defendant to have the case tried in the district where she resides, rather than in another district. Furthermore, all of the Plaintiffs are corporations or limited liability companies with their principal places of business outside of Georgia and, as to them, the Southern District would be no more or less convenient than the Middle District. The Court makes similar findings with respect to the witnesses who, according to the Joint Proposed Scheduling Order and Discovery Plan, are Defendant's son and Rule 30(b)(6) employees of the Plaintiffs. Thus, the convenience of the parties and witnesses warrants a transfer to the Southern District.

Furthermore, it appears that this case should have been brought initially in the Southern District because that is the district in which Defendant resides. Section 1406 of Title 28 allows a district court to transfer a case "laying venue in the wrong . . . district" to the district in which it could have been brought. 28 U.S.C.A. § 1406(a) (West 1993). Given that the parties have agreed that the case should be transferred, it is in the interest of justice to so transfer it, thereby curing the defect of venue. Accordingly, the Consent Motion for Transfer of Venue is granted. This case is hereby transferred to the United States District Court for the Southern District of Georgia. In view of this transfer the Court will not act on the Proposed Scheduling Order and Discovery Plan submitted by the parties.

**SO ORDERED**, this the 22nd day of November, 2005.

s/  Hugh Lawson
**HUGH LAWSON, JUDGE**

mls